IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOUGLASS BRIDGEFORD, #330-749 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PJM-17-533 |
| | | (Consol. Civil Action No. PJM-17-843) |
| WARDEN FOXWELL, | * | |
| SUPERVISOR CLASSIFICATION   RANDALL, | * | |
| CASE MANAGER WHITTINGTON, ASST. WARDEN WEST, | * | |
| CLASSIFICATION DEPARTMENT   SUPERVISOR, | * | |
| Defendants | | |
| | *** | |
| DOUGLASS BRIDGEFORD, #330-749 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PJM-17-1556 |
| PHARMACY TECH WILLETT   TRIGG, R.N., | * | |
| NACEY NURSE MANAGER, E.C.I., | * | |
| Defendants | * | |
| | *** | |
| DOUGLASS BRIDGEFORD, #330-749 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PJM-17-1765 |
| LT. GEORGE HARRISON, *Intell Staff*  *Hearing Impaired Facility*, | * | |
| Defendant | * | |
| | *** | |
| DOUGLASS BRIDGEFORD, #330-749 | * | |
| Plaintiff | * | |

| | | |
|---|---|---|
| v. | * | Civil Action No. PJM-17-1834 |
| MARGE AMODIOE, Medical Administrator, MERCHANT, Staff CO II, | * | |
| | * | |
| Defendants | | |
| | *** | |

## MEMORANDUM OPINION

On July 12, 2017, self-represented Plaintiff Douglass Bridgeford filed a paper titled "Motion under U.S.C.A. §1983 Civil Rights of Prisoners to Dismiss All Litigation Without Prejudice" ("the Dismissal Motion."). Bridgeford asks that all pending cases be "discontinued on ECI [Eastern Correctional Institution] Warden, Staff of Medical and Classification…." Dismissal Motion at p. 1. Consonant with Bridgeford's intentions, the omnibus Dismissal Motion was docketed in all Bridgeford's pending cases, and it will be treated as a Motion for Voluntary Dismissal under Fed. R. Civ. P 41(a).

In support of his Dismissal Motion, Bridgeford states Warden Foxwell and Assistant Warden West have been very professional and helped him with this Americans with Disabilities Act concerns. Dismissal Motion at p. 1. He also expresses satisfaction with the actions of the Medical Department, Mrs. Trigg, and nursing staff, although he expresses disappointment that TTY services for hearing impaired inmates still needs to be activated by cable network. *Id.* Further, Bridgeford, who was granted leave to proceed in forma pauperis in consolidated Civil Action No. Civil Action No. PJM-17-533, asks the Court to order the prison to stop deducting partial payments, which he calls "garnishments" from his prisoner account to pay his civil filing fees. Dismissal Motion at p. 2.

**Civil Action No. PJM-17-533 (consolidated with Civil Action No. PJM-17-843)**

In PJM-17-533, Bridgeford seeks to compel the reopening of *Jarboe v. Md. Dep't of Public Safety and Correctional Servs.*, Civil Action No. ELH–12–572, 2013 WL 1010357 *1 (D. Md. Mar. 13, 2013) (a "putative class action" brought by five Maryland state prisoners who are profoundly deaf, alleging *inter alia*, violations of the Americans with Disabilities Act ("ADA")) and compliance with OPS 200-004 for deaf inmates. Bridgeford, who states that he is 100% deaf in his left ear and 40% deaf in his right ear, claims that he has been subjected to cruel and unusual punishment because he arrived at ECI without a classification, and is not receiving health care, programming or a prison job as required by prison policy. Bridgeford claims Defendants are violating his rights under the ADA by failing to provide him with assistive technology, medical assistance for his chronic care issues, an ADA coordinator, and a case manager who will arrange for a prison job and prison programming for him. In Civil Action No. PJM-17-843 Bridgeford claims he has been denied programming, a job that accommodates his handicap, and the assistance of an ADA coordinator, in violation of the ADA and Maryland law.

On June 2, 2017, the Court ordered Civil Actions No. PJM17-533 and PJM-17-843 consolidated under Civil Action No. PJM-17-533. Bridgeford was also ordered to pay the initial filing fee. *See* Civil Action No. PJM-17-533, ECF No. 7 (ordering the Financial Officer at Eastern Correctional Institution to pay $10.40) toward as the initial partial filing fee. No payments have yet to be received according to the docket in the consolidated case. On July 5, 2017, Bridgeford filed a Motion for Leave to Proceed in the consolidated action (ECF No. 13), which will be dismissed as moot.

3

On July 12, 2017, Bridgeford filed the omnibus Dismissal Motion (ECF No. 14). In requesting dismissal of his case without prejudice Bridgeford expresses satisfaction with the help he has received from Warden Foxwell, Assistant Warden West, the Medical Department, Mrs. Trigg, and nursing staff members. Although counsel has entered an appearance for some of the Defendants in this case, none of the Defendants has filed a Response to the Complaint. Accordingly, the Court will grant Bridgeford's Motion (ECF No. 14), treated as a Motion for Voluntary Dismissal, and the case will be dismissed without prejudice. The Court shall order the Finance Officer at Eastern Correctional Institution to cease any and all payment in this case toward payment of the filing fee.

The Court notes that five days after Bridgeford filed the Dismissal Motion, he submitted correspondence generally alleging there are false records, corruption and abuse by public officials. ECF No. 15. Bridgeford complains he receives one pair of hearing aids each year and must pay for additional ones and that he has dental problems that require attention. ECF No. 15. These concerns appear related to a letter Bridgeford received from J. Michael Zeigler, Deputy Secretary of Operations for the Department of Public Safety and Correctional Services. ECF No. 15-1. Ziegler's letter informs Bridgeford he is scheduled to receive a new right ear hearing aid. Inmates are allowed one hearing aid per year. If an inmate loses or breaks the hearing aid prior to the end of that year, the inmate is responsible for the cost of replacement. *Id.* Ziegler's letter also states Bridgeford has access to a TTY telephone system at his request. *Id.* Because none of the housing units in ECI have a fixed TTY telephone system, the telephone unit is placed in the operations area and Bridgeford is allowed to use the telephone. The letter states further that dental treatment provided for inmates is clearly outlined in Chapter II, of the Medical Evaluations Manual, Oral Health Care Program provides accessory treatment such as crowns are

not authorized services. Ziegler notes that Bridgeford has acknowledged he has no discomfort except that his tooth cuts his lip and tongue, and Bridgeford refused any offers to smooth the jagged edges of the tooth. *Id.*

Of import here, Bridgeford does not state that he wants to withdraw the Dismissal Motion. Bridgeford does not allege that Defendants in consolidated civil action PJM-17-533 were personally involved in or responsible for his hearing aid, TTY, or dental concerns. Further, these new concerns appear unrelated to the claims raised in this case. Indeed, Bridgeford's correspondence was written as a general letter to the Court without a case number affixed by Bridgeford. To the extent Bridgeford might want to pursue new claims, he may file a separate complaint.[1]

### Civil Action No. PJM-17-1556

Bridgeford filed this case on June 6, 2017, and was directed to supplement and clarify the Complaint. Service has not been obtained on Defendants and no initial partial payments toward the filing fee were ordered or received. On September 12, 2017, Bridgeford filed a Motion to Withdraw the Complaint without prejudice. ECF No. 4. On September 12, 2017, Bridgeford filed the omnibus Dismissal Order in his pending cases. ECF No. 5. Bridgeford's Motion to Withdraw the Complaint (ECF No. 4) and his subsequent Motion for Voluntary Dismissal (ECF No. 6) will be granted, and the case will be dismissed without prejudice.

---

[1] Bridgeford is a frequent pro se litigant in this Court. In addition to the five cases discussed here, a partial list of cases that he has filed in this District includes: *Bridgeford v. Douglas, et al.,* Civil Action No. PJM-16-3570 (D. Md. 2016); *Bridgeford v. Folk, et. al.,* Civil Action No. PJM-16-3487 (D. Md. 2017); *Bridgeford v. Bretzler, et al.*, Civil Action No. PJM-16-3078 (D. Md. 2016); *Bridgeford v. Odifie*, Civil Action No. PJM-16-2454 (D. Md. 2017); *Bridgeford v. Carrington*, Civil Action No. PJM-973 (D. Md. 2016); *Bridgeford v. Dovey*, Civil Action No. PJM-15-1148 (D. Md. 2015).

### Civil Action No. PJM-17-1765

Bridgeford filed this case on June 26, 2017.  Service has not been obtained on Defendant and no payments toward the filing fee were ordered or received.  Bridgeford's Motion to Proceed in Forma Pauperis (ECF No. 2) will be dismissed without prejudice.  The Motion for Voluntary Dismissal (ECF No. 3) will be granted, and the case will be dismissed without prejudice.

### Civil Action No. PJM-17-1834

Bridgeford filed this case on June 30, 2017.  Service has not been obtained on Defendants and no payments toward the filing fee have been ordered or received.  The Motion for Voluntary Dismissal (ECF No. 2) will be granted, and the case will be dismissed without prejudice.

### CONCLUSION

For these reasons, the Court will grant Bridgeford's Motion to Voluntarily Dismiss the above cases without prejudice.  A separate Order follows

_____/s/_____
PETER J. MESSITTE
July 19, 2017                                    UNITED STATES DISTRICT JUDGE